**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

Trey Dayes (AZ Bar # 020805)
treyd@phillipsdayeslaw.com
Dawn M. Sauer (AZ Bar # 030271)
dawns@phillipsdayeslaw.com
John L. Collins (AZ Bar # 030351)
johnc@phillipsdayeslaw.com
Sean Davis (AZ Bar #030754)
seand@phillipsdayeslaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZIONA

| | |
|---|---|
| Branee Mort, a married woman,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Forever 21 Retail, Inc., a California Corporation; Do Won and Jane Doe Chang, husband and wife;<br>　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff alleges:

## **NATURE OF THE CASE**

1.    The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals,

the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2.     Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3.     Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.* (hereinafter FLSA) and specifically the overtime provision of the FLSA found at §207(a).

4.     For at least one year prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

6.     Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

7.     The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly

Case 2:14-cv-00332-HRH   Document 1   Filed 02/20/14   Page 2 of 10

the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.* (hereinafter FLSA) and specifically the overtime provision of the FLSA found at §207(a).

4. For at least one year prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

6. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly

described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

8. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

9. Defendant Forever 21 Retail, Inc. is incorporated in the State of Arizona with its principle place of business at 11030 North 21st Avenue, Phoenix, Arizona 85029.

10. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Do Won and Jane Doe Chang were and are the owners of Forever 21 Retail, Inc..

11. Upon information and belief, at all times material hereto, Defendants Do Won and Jane Doe Chang were and are residents of Los Angeles County, California.

12. Jane Doe Chang is the fictitious name of Do Won Chang's wife. Once her name is ascertained, the pleadings were bear her true name. Do Won and Jane Doe Chang have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

13. At all relevant times, Plaintiff was an "employee" of Forever 21 Retail, Inc., as defined by 29 U.S.C. §203(e)(1).

14. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Forever 21 Retail, Inc.

15. At all relevant times, Forever 21 Retail, Inc. was and continues to be an employer as defined in 29 U.S.C. § 203(d).

16. On information and belief, Defendants Do Won and Jane Doe Chang are deemed

an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with Defendant Forever 21 Retail, Inc. for all matters.

17. At all times material to this action, Forever 21 Retail, Inc. was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

18. Upon information and belief, at all relevant times, the annual gross revenue of Forever 21 Retail, Inc. exceeded $500,000.00

## FACTUAL BACKGROUND

19. Plaintiff was hired by Defendants in May of 2011 as a non-exempt hourly paid assistant manager of the Arrowhead Mall retail location in Phoenix, Arizona

20. Defendants operated a retail establishment selling female clothes and accessories among other items.

21. Plaintiff's responsibilities varied. She would open and close the store. Plaintiff would also help with new hire trainings a long with customer service.

22. Plaintiff was paid a rate of $19.27 per hour.

23. Plaintiff was a non-exempt employee.

24. Defendants waived the administrative exemption by paying Plaintiff an hourly rate.

25. Plaintiff was not a manager.

26. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

27. When Plaintiff began working with Defendant, her work load was so high that she was forced to take work home with her. Plaintiff was working roughly two to four hours each week from home which were unpaid at the direction of management.

28. In November of 2012, Defendants hired Kim Barber as the store manager.

29. Ms. Barber realized that there was rampant off the clock hours being worked and directed Plaintiff and other employees to immediately cease such work. She directed Plaintiff to log all her hours and she would be compensated for them.

30. During the period in which Ms. Barber was the manager, Plaintiff was paid overtime.

31. In late March 2013, Defendants fired Ms. Barber in large part because overtime was being paid.

32. In April 2013, Defendants reinstituted the policy of forcing Plaintiff to work numerous hours off the clock and failed to properly compensate Plaintiff for her overtime hours.

33. Defendants had a strict policy of only paying employees for 40 hours. If an employee was clocked in for more than 40 hours, she would be in danger of losing her job.

34. The store manager was fully aware as Plaintiff would send her daily reports indicating she was working off the clock.

35. Plaintiff would be told to clock out and continue working.

36. Plaintiff would be forced to clock out for a lunch break and continue working.

37. During this time, Plaintiff would regularly work 5 (five) to 10 (ten) hours of overtime per week without being compensated for those hours.

38. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were/was willful as Plaintiff complained about this policy to the store manager on multiple occasions without any change in policy.

39. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

40. Defendants failed to keep proper time records in violation of the FLSA.

41. Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C. to represent her in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

**COUNT ONE**
**VIOLATION OF FAIR LABOR STANDARDS ACT §207**

42. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

43. While employed by Defendant, Plaintiff consistently and regularly worked overtime.

44. Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

45. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages not receiving compensation in accordance with § 207 of the FLSA.

46. Under 29 U.S.C. §216 Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

47. In addition to the amount of unpaid wages owed to Plaintiff is also entitled to

recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

48. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

49. Defendants have not made a good faith effort to comply with the FLSA.

50. Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to her for all of her time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's regular rate while at work for Defendants;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff's reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiff's costs incurred in this action;

    e. Awarding Plaintiff's pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiff's post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. For such other and further relief as the Court deems just and proper

## COUNT TWO
## DECLARTORY JUDGMENT

51. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

52. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

53. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

54. Plaintiff may obtain declaratory relief.

55. Defendant employed Plaintiff.

56. Defendant is an enterprise covered by the FLSA.

57. Plaintiff is individually covered by the FLSA.

58. On certain occasions, Plaintiffs was not compensated at a rate of at least minimum wage for work performed for Defendants.

59. Plaintiffs is entitled to overtime wages pursuant to 29 U.S.C. §207.

60. Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

61. Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

62. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

63. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the

legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

64. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.

   b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

   c. For Plaintiff's costs incurred in this action.

   d. Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and all similarly situated employees hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

1

2  Dated:  February 20, 2014           Respectfully submitted,

3                                      **PHILLIPS DAYES LAW GROUP PC**

4
                                       ____/s/ Trey Dayes_____
5                                      Trey Dayes
                                       treyd@phillipsdayeslaw.com
6                                      Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25